## NANCY CARTER vs. W. WHEELER ET AL.

SUPREME COURT, AUSTIN TERM, 1882.

*Homestead, Abandonment of.*—Where the husband conveys the homestead of himself and wife, without being joined in the deed by the wife, a removal to another place, although it be not another homestead, coupled with the declaration of the wife prior to the time of the sale that she did not claim the property as her homestead, and the failure to assert the homestead claim for twenty years thereafter, though living in the same county, held to constitute and establish an abandonment of the homestead.

Appeal from Denton county—Opinion by Stayton, J.—This cause was tried by the court, and is here presented upon the conclusions of fact and law incorporated in the record in accordance with the provisions of the statute, and there being no statement of facts, the only question for consideration is, are the conclusions of law sustained by the conclusions of fact?

The conclusions of fact show that in the year 1859 the property in controversy was the homestead of the appellant and the husband, and that in that year, or early in the year 1860, after they had removed therefrom, the husband sold the same, without being joined by the appellant in the deed, to W. C. Davis, who, upon inquiry with desire to purchase, was informed by appellant that she did not claim the property as her homestead. It further appears that appellant and her husband never acquired another homestead, but

that when they removed from the property in controversy they moved to a place about two miles distant in the country, which the father of the appellant's husband had promised to give to him, which promise was never complied with. It further appears that notwithstanding the appellant has lived almost all the time in the county in which the property is situated, that the appellant, for more than twenty years, had set up no claim to the property, and when on the stand as a witness she gave no explanation why she had so long delayed the assertion of her homestead rights, and failed even to state that she had always had an intention to return to the property and use it as a homestead.

Under such facts the court did not err in holding that the appellant and her husband had voluntarily abandoned their homestead. The most conclusive evidence of an intention to abandon a homestead is the acquirement of another, and whatever clearly evidences such intention, coupled with an actual removal, is sufficient to establish the fact of abandonment.

The record shows a removal to another place, which the father of the appellant's husband had promised to give him, and the declaration of the appellant, prior to the sale of her property, that she did not claim the same as her homestead. These facts evidence a removal with intention never to return, and this constitutes abandonment; besides, the long continued absence and failure of assertion of claim, continuing, as it did, for a period of time equal to twice the longest period of limitation applicable to real estate, in itself, under the facts presented by the record, justified the finding that the property had been voluntarily abandoned.

In the case of Woolfolk vs. Reckerts, 48 Texas, 37, it was said: "If the object and purpose of removal is uncertain and equivocal in its character, no doubt the contemporaneous declaration of either the husband or wife, if not inconsistent with, but tending to explain the real import and purpose of such removal, would be entitled to much weight, and especially if openly and publicly made, and where their subsequent act is in conformity with such declarations. But, certainly, where there is an open and palpable abandonment of one homestead and a removal to another, and where every action of both the husband and wife for a series of years indicate that their removal from their old homestead was intended to be final and permanent, and when their conduct, if we attribute to them a definite intention, would be inconsistent with good faith and fair

dealing, it would be most unreasonable to ask that the mere declarations of the wife, that she did not intend to abandon her old place as her homestead when she removed from it with her husband, and had never subsequently designed or consented to do so, should outweigh the contrary evidence furnished by the acts and conduct of herself and husband during the period of nine or ten years while residing elsewhere. To permit the appellant to recover the property in controversy, under the facts of the case, involving, as they do, the declaration of the wife that she did not claim homestead right in the property, made to a person who, upon the faith of such declaration, became the purchaser, under facts outside of the wife's declarations, which indicated an abandonment, would be to pervert the plain principles of justice. How far the declarations of a wife, made to one purchasing property which has once been a homestead, may operate to prevent a recovery by her against a person who may purchase, relying upon her declarations, need not, in this case be considered or passed upon.

There being no error in the judgment of the court below, the judgment is affirmed.